UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL EISCHEN,

          Plaintiff,          :

    v.

ADAPTATION FINANCIAL
VENTURES, INC., *et al.*,        :

          Defendants.

Case No. 2:21-cv-5837
Chief Judge Sarah D. Morrison
Magistrate Judge Elizabeth A.
Preston Deavers

## OPINION AND ORDER

Michael Eischen filed this action against Adaptation Financial Advisers, Inc., APN Adaptation Financial Holdings LLC, and Alan Niemann after Adaptation terminated his employment.[1] (ECF No. 8.) Adaptation then filed counterclaims against Mr. Eischen. (ECF No. 16.) After discovery and briefing, this Court granted summary judgment on certain of Mr. Eischen's claims and Adaptation's counterclaims. (ECF No. 80.) The remaining claims and counterclaims will be tried to a jury on January 21, 2025. (ECF No. 112.) The parties' pretrial motions are now pending; the Court will address each in turn.

## I.    LEGAL STANDARDS

A motion *in limine* allows a court to make an advance ruling on the evidence that will be admissible at trial. "Although the Federal Rules of Evidence do not

---

[1] Mr. Eischen also sued Cambridge Investment Research, Inc. (Am. Compl.) None of those claims survived summary judgment. (ECF No. 80.)

explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The motions thus "narrow the issues remaining for trial" and "minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999).

To obtain the *in limine* exclusion of evidence, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016) (Sargus, J.). Still, a ruling on a motion *in limine* is "no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court, and the district court may change its ruling where sufficient facts have developed that warrant the change." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The Court will therefore hear objections to evidence as they arise at trial, even if the proffered evidence falls within the scope of a denied motion *in limine*.

## II. DEFENDANTS' PRETRIAL MOTIONS

### A. Motion to Bifurcate Punitive Damages (ECF No. 88)

Defendants first move to bifurcate trial, with the issue of punitive damages being reserved until a finding has been made on liability and compensatory damages. Mr. Eischen does not oppose bifurcation. (ECF No. 104.) The Motion (ECF No. 88) is **GRANTED**; the trial will be bifurcated.

### B. Motion to Exclude Evidence of Punitive Damages (ECF No. 90)

In addition to bifurcating trial on the issue of punitive damages, Defendants ask the Court to exclude any evidence pertaining to punitive damages from the

2

liability/compensatory damages phase of the trial. Mr. Eischen does not oppose to the extent that the evidence relates solely to the determination of punitive damages. (ECF No. 104.) The Court adopts Mr. Eischen's more narrow construction of the issue. Evidence that relates solely to the issue of punitive damages will be excluded from the liability/compensatory damages phase of trial. The Motion (ECF No. 90) is thus **GRANTED in part** and **DENIED in part**.

### C. Motion to Exclude Evidence or Argument Relating to Other Lawsuits (ECF No. 89)

Defendants next ask the Court to exclude evidence or argument relating to other lawsuits. Defendants' motion is entirely vague and allusive. Although Mr. Eischen suggests that Defendants have a particular Texas lawsuit in mind, the motion makes no such specific reference. The Court is thus unable to determine whether evidence or argument relating to another lawsuit may be relevant or admissible. The Motion (ECF No. 89) is **DENIED**.

### D. Motion to Exclude Evidence of Lost Wages Incurred After Retirement (ECF No. 91)

Finally, Defendants ask the Court to exclude evidence of lost wages. They argue that Mr. Eischen "voluntarily retired," thus precluding damages for lost wages. (ECF No. 91.) Meanwhile, Mr. Eischen asserts that he would have continued working as an Investment Advisory Representative but-for the termination. (ECF No. 102 (citing Eischen Dep., 8:2–4).) That fact-question aside, mitigation of damages is an affirmative defense on which Defendants bear the burden of proof. *See Lake v. Love*, 90 N.E.3d 36, 41 (Ohio Ct. App. 2017) (citing, *inter alia*, *Chicago Title Ins. Co. v. Huntington Nat'l Bank*, 719 N.E.2d 955 (Ohio 1999)). In other

words, if Defendants want to prevent an award for lost wages, they must offer admissible evidence at trial that Mr. Eischen failed to properly mitigate those damages. Granting the instant Motion would improperly shift that burden that Mr. Eischen. The Motion (ECF No. 91) is **DENIED**.

## III. EISCHEN'S PRETRIAL MOTIONS

### A. Motion to Exclude Evidence and Argument Contradicting the Court's Opinion & Order (ECF No. 92)

Mr. Eischen first asks the Court to exclude all evidence and argument contradicting the Court's March 21, 2024 Opinion & Order (ECF No. 80) on summary judgment. While the Court generally agrees with that principle, the Motion's specifics deserve closer consideration. Mr. Eischen asserts that four categories of evidence and argument should be precluded from trial as contradicting the March 21 Opinion:

- <u>First</u>, Mr. Eischen's job performance;

- <u>Second</u>, Defendants' liability for breach of the Promissory Note;

- <u>Third</u>, signature irregularities uncovered while Mr. Eischen led Adaptation's Ohio office; and

- <u>Fourth</u>, that Mr. Eischen breached any provision of the Employment Agreement other than §§ 9(d) or 10(a).

On the second and fourth categories, the Court agrees. (*See* ECF No. 80, PAGEID # 9741 (concluding as a matter of law that Defendants breached the Promissory Note); *id.*, PAGEID # 9760 (granting summary judgment to Mr. Eischen on Defendants' breach of contract counterclaim, except as to alleged breaches of

Employment Agreement §§ 9(d) and 10(a)).) But the March 21 Opinion does not support an order excluding the first or third.

As to the first, Mr. Eischen argues that Defendants should not be allowed to present evidence of his performance as President of Adaptation's Columbus office because "[w]hether Good Cause existed to terminate [his] employment is no longer at issue[.]" (ECF No. 92, PAGEID # 9835.) Mr. Eischen overreads the Court's ruling. While the March 21 Opinion concludes that Adaptation breached the Employment Agreement's notice-and-cure provisions regardless of whether or not Adaptation had Good Cause, that does not mean the Good Cause determination is now irrelevant. In fact, whether Adaptation had Good Cause to terminate Mr. Eischen's employment is directly relevant to whether he is entitled to Severance Payments, a question that the March 21 Opinion reserved for the jury. Evidence of Mr. Eischen's performance is properly offered for that purpose.

As to the third, Mr. Eischen argues that Defendants should be precluded "from referencing 'electronic forgery,' or from arguing that 'signature irregularities' justified any of [their] conduct" because "the Court limited [the defamation claim] to Niemann's statement that Eischen sold variable annuities without the proper license." (*Id.*, PAGEID # 9836.) Again, Mr. Eischen takes the Court's conclusion out of focus. The signature practices at Adaptation's Columbus office—and Adaptation's discovery, investigation, and perception of those practices—are relevant for purposes other than the defamation claim. For example, "signature irregularities" were a "primary driving factor" for Cambridge to conduct a for-cause audit of Mr.

5

Eischen's office. (*See* ECF No. 80, PAGEID # 9728.) The Motion (ECF No. 92) is

**GRANTED in part** and **DENIED in part**.

### B. Motion to Exclude Expert Testimony on Securities Law (ECF No. 93)

Mr. Eischen next moves the Court to prevent Defendants from offering any expert opinion testimony on securities law. Defendants represent that they have no intention of doing so. (ECF No. 110.) The Motion (ECF No. 93) is thus **DENIED as moot**.

### C. Motion Regarding Certain Purported Client Communications (ECF No. 94)

Next, Mr. Eischen asks the Court to exclude evidence "describing communications between Defendants and any current or former Adaptation clients" that reference Mr. Eischen's "investment advisory practices relating to, *inter alia*, client signatures" or communications with Mr. Eischen after his termination.[2] (ECF No. 94.) Out-of-court statements by third-parties are generally not admissible to prove the truth of the matter asserted in the statement. *See* Fed. R. Evid. 801, 802, 803. But the evidence described in Mr. Eischen's motion could be offered for a purpose other than to prove the fact of the matter asserted. For example, Avery Niemann testified that customers told her that Mr. Eischen sold them annuities. (*See* ECF No. 94 (quoting Avery Niemann Dep., 21:18–23).) Although that testimony is inadmissible to prove that annuities were sold, it may be offered to

---

[2] Mr. Eischen also asks the Court to prevent Defendants from calling any of Adaptation's current or former clients to testify at trial. Defendants represent they have no intention of doing so. This part of the Motion (ECF No. 94) is thus **DENIED as moot**.

6

prove that Adaptation "had evidence indicating" that Mr. Eischen acted outside the scope of his license. That latter purpose goes to the heart of Mr. Eischen's defamation claim. (*See* ECF No. 80, PAGEID # 9747–48.)

So, to the extent Mr. Eischen seeks assurance that this Court will enforce the Federal Rules of Evidence on hearsay, that assurance is given. Anything further is better said in the context of trial. The Motion (ECF No. 94) is **DENIED**.

### D.    Motion Regarding Dismissed Parties/Claims (ECF No. 98)

Mr. Eischen also moves for an order excluding evidence or testimony about his dismissed claims for fraudulent inducement (against Adaptation) and tortious interference (against Cambridge). His specific concerns are with evidence that "relate[s] solely to Eischen's dismissed claims" or that "references the fact that two of Eischen's claims were dismissed, [and] that Cambridge has been dismissed from the case." (ECF No. 98, PAGEID # 9983–84.) Mr. Eischen argues that the former category is irrelevant, and the latter category risks undue prejudice. The Court agrees. The Motion (ECF No. 98) is **GRANTED**.

Defendants fail to persuade otherwise. First, they argue that "Cambridge will be highly relevant to this trial" because of its "relationship to Adaptation and the for cause audit[.]" (ECF No. 107, PAGEID # 10306.) While that is true, Mr. Eischen does not move to exclude any reference to Cambridge—he moves to exclude any reference to <u>the dismissed claims against</u> Cambridge. Defendants next argue that the jury should know Mr. Eischen so strongly believed that Cambridge caused his damages that he filed suit against them. As evidence, that fact is not so probative as to outweigh the prejudice it may cause in jurors' minds. *See* Fed. R. Evid. 403.

### E.    Motion to Exclude Expert Testimony Related to Damages (ECF No. 99)

In its fifth Motion in Limine, Mr. Eischen asks the Court to prevent Defendants from offering any expert opinion testimony on damages. Defendants represent that they have no intention of doing so. (ECF No. 111.) That portion of the Motion (ECF No. 99) is thus **DENIED as moot**.

Mr. Eischen also asks the Court to exclude evidence related to damages that Defendants used in response to his motion for summary judgment.[3] (ECF No. 111 (citing ECF No. 62-5).) The Court declines to make a pre-trial ruling on the admissibility of the subject evidence, and will consider objections and argument in the context of trial. The balance of the Motion (ECF No. 99) is **DENIED**.

### F.    Motion to Exclude Details of Niemann's March 2021 Accident (ECF No. 100)

Finally, Mr. Eischen moves the Court to exclude details of Alan Niemann's March 2021 motorcycle accident as irrelevant or unfairly prejudicial. (ECF No. 100 (citing Fed. R. Evid. 401, 403).) But, as Mr. Eischen concedes, "the fact of Niemann's accident and the fact that it impaired his memory" will likely be relevant. (ECF No. 100, PAGEID # 10097.) The same goes for the fact that the accident caused Alan Niemann to walk with a "pronounced limp." (*See* ECF No. 106, PAGEID # 10301.) Given the extent of what may become relevant, the Court declines to exclude details of the accident outside the context of trial. The Motion (ECF No. 100) is **DENIED**.

---

[3] Although Mr. Eischen's subsequent reply brief made passing reference to a contemporaneous motion to exclude that evidence (*see* ECF No. 65, PAGEID # 9671), none was filed.

## IV.    CONCLUSION

For the reasons above, the pending pretrial motions are decided as follows:

- Adaptation's Motion to Bifurcate Punitive Damages (ECF No. 88) is **GRANTED**.

- Adaptation's Motion to Exclude Evidence or Argument Relating to Other Lawsuits (ECF No. 89) is **DENIED**.

- Adaptation's Motion to Exclude Evidence of Punitive Damages (ECF No. 90) is **GRANTED in part** and **DENIED in part**.

- Adaptation's Motion to Exclude Evidence of Law Wages Incurred After Retirement (ECF No. 91) is **DENIED**.

- Eischen's Motion to Exclude Evidence and Argument Contradicting the Court's Opinion & Order (ECF No. 92) is **GRANTED in part** and **DENIED in part**.

- Eischen's Motion to Exclude Expert Testimony on Securities Law (ECF No. 93) is **DENIED as moot**.

- Eischen's Motion to Exclude Testimony or Other Evidence Regarding Certain Purported Client Communications (ECF No. 94) is **DENIED**.

- Eischen's Motion to Preclude Evidence or Testimony Regarding Dismissed Parties and Claims (ECF No. 98) is **GRANTED**.

- Eischen's Motion to Preclude Defendants from Offering Expert Opinion Testimony or Similar Evidence Related to Damages (ECF No. 99) is **DENIED**.

- Eischen's Motion to Exclude Details of Defendant Alan Niemann's March 2021 Accident (ECF No. 100) is **DENIED**.


**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**